UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | Case No. CV 13-2110 DSF (MRW) |
| Petitioner, | |
| vs. | ORDER DISMISSING ACTION |
| CONNIE GIPSON, Warden, | |
| Respondent | |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

\* \* \*

This is a state habeas action. According to the petition, Petitioner was convicted of attempted murder in state court in 1996. He received a sentence of 14 years in prison for that offense. (Petition at 2.) In the current action, Petitioner challenges the state court's recent denial of his request for post-conviction DNA testing of evidence in that criminal case.

Petitioner is no longer in prison as a result of his 1996 attempted murder conviction underlying the present habeas action. The Court takes judicial notice that Petitioner is currently serving a life sentence for a murder conviction in a different criminal case.[1]

Magistrate Judge Wilner reviewed the petition in the present action shortly after its filing. Judge Wilner directed Petitioner to submit a supplemental statement as to why the action should not be dismissed because: (a) Petitioner is not "in custody" as a result of his 1996 conviction; (b) Petitioner's action was a second or successive petition prohibited under AEDPA; and (c) Petitioner failed to state a plausible constitutional claim. (Docket # 4.)

Petitioner submitted a responsive statement. (Docket # 7.) In the statement, Petitioner expressly acknowledged that he "has already served the 14 years of the sentence handed down" in that case. (Id. at 1, 2.) Petitioner further stated that the purpose of seeking habeas relief from this Court was because he "would like to clear up his name from any wrongdoing" and "DNA testing would be a great avenue in clearing Petitioner" of the charge. (Id. at 1.)

\* \* \*

28 U.S.C. § 2241(c)(3) states that a federal court may only issue a writ of habeas corpus to a state prisoner who is "in custody in violation of the Constitution." The key purpose of the "in custody" provision is to ensure that a litigant's habeas action is a real controversy meriting judicial attention and is not moot. Leyva v. Williams, 504 F.3d 357, 363 (3rd Cir. 2007). A prisoner is not "in custody" – and a federal court lacks jurisdiction over a habeas petition – when the

---

[1] The Court further notes that Petitioner previously filed two other habeas actions in this Court. (CV 12-2803 DSF (MRW) and CV 12-3026 MRW.) The criminal conviction at issue in the present action is the same as in the 12-3026 action: the Court dismissed that action with prejudice in October 2012 as untimely.

1  prisoner "suffers no present restraint from a conviction" due to the expiration of a
2  sentence. Maleng v. Cook, 490 U.S. 488, 492 (1989). An "expired conviction"
3  generally cannot be challenged on habeas review. Christensen v. Kroger, 472 F.
4  App'x 562, *1 (9th Cir. Mar. 22, 2012) ("§ 2254 provides no remedy" to challenge
5  expired conviction).

6      Furthermore, the U.S. Supreme Court and the Ninth Circuit have recently
7  explained that the denial of a post-conviction request for DNA testing does not
8  raise federal constitutional issues. See District Attorney's Office for Third Judicial
9  Dist. v. Osborne, 557 U.S. 53, 71-72 (2009); Jackson v. Cooley, 348 F. App'x 245,
10 246 (9th Cir. 2009) (same); Turner v. Dumanis, 415 F. App'x 831 (9th Cir. 2011)
11 (same).

12     Petitioner admits that the sentence for his attempted murder conviction is
13 over. Although Petitioner is in prison because of another serious criminal
14 conviction, he is not in custody as a result of the conviction he wishes to challenge.
15 He therefore has no federal right under AEDPA to review his expired conviction.
16 Petitioner also fails to state a valid federal constitutional claim regarding the denial
17 of DNA testing in that case.

18     Therefore, this action is hereby DISMISSED.
19     IT IS SO ORDERED.

21 DATED: 4/22/13

                _____
                HON. DALE S. FISCHER
                UNITED STATES DISTRICT JUDGE